**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                          CRIMINAL ACTION NO. 2:02-cr-00190

CLAYTON CATO,

                Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The defendant's original Presentence Investigation Report attributed 1,938 grams of cocaine base and 17.5 grams of cocaine hydrochloride, which converted to 38,764.5 kilograms of marijuana

equivalent. His original offense conduct resulted in a base offense level of 38, and a criminal history category of II. The defendant received a two-level enhancement for possessing a firearm during the offense. The defendant had no other enhancements or reductions, with the exception of a three-level reduction for acceptance of responsibility. His original guideline range was 235 to 293 months.

After an original sentence of 235 months, the government filed a Motion to Reduce Sentence per Rule 35(b). The court entered an amended judgment reducing the defendant's sentence to 121 months. The United States has indicated that it does not object to a two-level reduction in the defendant's sentencing guideline range and a reduction comparably less than the amended guideline range. The United States averred in its memorandum that the proportionate reduction authorized by the Sentencing Commission is to a total term of 92 months and the defendant agreed.

Based on the foregoing considerations, the Motion is **GRANTED**. The Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 35, and a guideline range of 188 to 235 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of 92 months, with credit for time served to date, as the parties agree that it is the appropriate proportionate reduction in this case. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)( C).

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals.

                          ENTER:      January 9, 2009

                          *Joseph R. Goodwin*
                          Joseph R. Goodwin, Chief Judge